## W. P. Timberlake *v.* Shippers' Compress Co.

1. **Corporation.** *Transfer of stock. Carries undeclared dividend.*

   Unless otherwise stipulated, a transfer of stock in a corporation carries with it a dividend afterwards declared, no matter when it was earned.

2. **Same.** *Bona fide purchaser. Right to dividend.*

   One who takes an assignment of a certificate of stock in a corporation, as collateral security for a debt, and afterwards, without notice of a previous assignment of an undeclared dividend, purchases the stock in settlement of the debt, is entitled to the dividend as a part of the stock.

3. **Same.** *Transfer of stock. Rights of assignee.*

   Indorsement in blank and delivery of a certificate of stock in a corporation, though without surrendering the certificate or having the transfer noted on the books, will, as between transferer and transferee, pass the legal title, and, as against the corporation, will pass at least an equitable title, and give to the transferee the right to recover all undeclared dividends. *Storage Co.* v. *Wildberger,* 71 Miss., 438.

4. **Peremptory Instruction.** *When error. Conflict of testimony.*

   Where the testimony is conflicting as to material matters, it is error to grant a peremptory instruction.

FROM the circuit court of Clay county.

HON. C. H. CAMPBELL, Judge.

Action by appellant against the Shippers' Compress Company to recover a dividend on fifty shares of the capital stock of said company. The certificate of shares was numbered 23, and was issued to appellant, W. P. Timberlake, in 1887. In 1888 he assigned the same to T. C. King, by writing his name on the back of the certificate. In 1889 King, being indebted to Timberlake, gave him a note for the sum of $3,000, to which he attached the certificate as collateral security, signing his name to the blank transfer on the back of the certificate; and in the spring of 1891, the debt being unpaid, he sold the stock absolutely to Timberlake, taking up his note. In these transactions there was no transfer of the stock on the books of the company. King also owned certificates of shares numbered 1 to 10, respectively. On October 1, 1890, being indebted to the company, and to Woodward & Co., he wrote to the secretary and treasurer of the company the following note: "As I am due Shippers' Compress Company $251.62, and a larger sum to B. Woodward & Co., I hereby authorize you to apply any dividends accruing to my stock certificates number 23 and numbers 1 to 10 of Shippers' Compress Company, as follows: (1) Pay the account due Shippers' Compress Company, then pay any balance to B. Woodward & Co. for my account." Timberlake knew nothing of this order when he received the stock.

On July 1, 1891, a dividend was declared on the stock, and that accruing to the shares mentioned was applied as directed by King in his note. Timberlake brought this suit to recover from the company the dividend on the fifty shares embraced in certificate 23. Defendant pleaded the general issue, and a trial was had, in which there was conflicting testimony as set forth in the opinion. The court instructed peremptorily in favor of defendant, a judgment was entered accordingly, from which plaintiff appeals. The opinion contains such further statement as is necessary to an understanding of the questions decided.

*Clifton & Eckford*, for appellant.

Some authorities hold that where a general statute or the charter of the corporation requires that the certificates shall be surrendered and a transfer of stock entered on the books, an assignment of stock can only be made in that way.   2 Beach on Corp., §§ 620, 634, 637.   Others hold that it is not necessary to register the transfer on the books, but that a *bona fide* transfer between the parties conveys an equitable title paramount to the rights of creditors or subsequent purchasers. Taylor on Corp., 796; 2 Beach on Corp., § 635; 2 Am. St. R., § 886; 4 *Ib.*, 754; 3 Lea, 1; 7 Fed. R., 369; 11 Wall., 369.

The case of *Storage Co.* v. *Wildberger*, 71 Miss., 438, is conclusive as to this.

Under either of the above rules, Timberlake was the owner of the stock when the dividend was declared, and is entitled to it.

A dividend not declared, though already earned, passes by an assignment of stock.   2 Beach on Corp., §§ 599, 604, 619; 5 Am. & Eng. Enc. L., pp. 729, 731; *Kane* v. *Bloodgood*, 11 Am. Dec., 417.

There was no new consideration for the written agreement or letter of October 1, 1890, given by King.   Therefore it could have no effect as against the rights of Timberlake, a *bona fide* holder of the stock.   42 Miss., 112; 42 *Ib.*, 360; 4?? *Ib.*, 275; *Schumpert* v. *Dillard*, 55 *Ib.*, 348; *Atkinson* v. ????, 70 *Ib.*, 42.

The fact that Knox testified that Timberlake stated that he desired King to have the dividend is not controlling.   Timberlake denies this, and the court gave a peremptory instruction.

*Fox & Roane*, for appellee.

True, an assignment of stock, as a general rule, carries with it the dividends accrued, but it is nowhere held that a dividend cannot be assigned separately.   Whatever the law may be on this question, Timberlake is estopped from claiming this dividend, because he told Knox, the lessee and one of the directors

of the defendant, that he wanted King to have the benefit of the dividend.

WHITFIELD, J., delivered the opinion of the court.

Timberlake testifies that he made a demand upon Mr. Knox in the spring of 1891 for the dividend upon this stock, Knox being the superintendent and manager of the compress company at that time.  King confirms this, so far as notice to the company is concerned, by saying he told Mr. Woodward, an officer of the compress company, that he had sold the stock to Timberlake "soon after he sold it," which he says was in May, 1891. The jury might well have found, on this testimony, that the compress company was duly notified in May, 1891, of the sale of the stock certificate back to Timberlake by King, and the dividend was not declared till July 1, 1891.  Knox contradicts Timberlake flatly, but the complaint here is of a peremptory charge.

King also testifies that on July 20, 1891, he owed the company nothing; that the dividend on shares 1 to 10 paid what he owed the compress company, and that the dividend from certificate number 23 was credited to his account due Woodward & Knox.  King further testifies that when he sold the certificate back to Timberlake he reserved no interest in it, and that nothing was said about dividends; and, further, that nothing was given him—no new consideration—for the order of October 1, 1890.  Timberlake says he had no notice of this order, and King says he never told him of it.  No surrender of the certificate ever occurred, and no transfer on the books was ever made.

On the case made by this testimony, the court gave a peremptory charge for the defendant company.  This was manifestly erroneous.  Before a dividend has been declared, a share of stock represents the whole interest which the shareholder has in the corporation, and when he transfers his stock, he transfers his entire interest; and dividends subsequently de-

clared, without reference to the source from which, or the time during which, the funds divided were acquired by the corporation, necessarily belong to the holder of the stock at the time the dividend was declared. *Jermain* v. *Railroad Co.*, 1 Am. & Eng. Cor. Cases, 115; *Boardman* v. *Railroad Co.*, 84 N. Y., 157.

As between King and Timberlake, Timberlake had a perfect legal title to the stock certificate; and, as between Timberlake and the compress company, Timberlake was, in any view, the equitable assignee, and testifies that he notified Knox, and perhaps Woodward, and King says he notified Woodward; and Timberlake must have a superior claim to that of the company. But we think, further, that the blank indorsement and delivery of the certificate was, under the facts of this case, a valid transfer of the legal title to Timberlake, as held in 4 Am. St. R., 154; *Storage Co.* v. *Wildberger*, 71 Miss., 438.

The order of October 1, 1890, was supported by no new, independent consideration, and Timberlake being an innocent purchaser for value without notice, and, as stated by him and King, Knox and Woodward having been notified, Timberlake must prevail. *Schumpert* v. *Dillard*, 55 Miss., 361; *Bank* v. *Pinson*, 58 *Ib.*, 421. Payment to Woodward & Co. is no defense. 5 Am. & Eng. Enc. Law, p. 732, note 1.

Counsel's observation as to Timberlake being estopped avails nothing, for Knox is flatly contradicted, and a peremptory charge was given. All the instructions asked for plaintiff, on the facts of record, should have been given.

*The judgment is reversed and cause remanded.*