'Aaron McKenzie v. Hortense C. Fellows.

[52 South. 628.]

Lis Pendens Notice.  *Code* 1906, § 3148.  *Mechanic's and materialmen's lien.  Proceeding to enforce.  Code* 1906, §§ 3058, 3062.

The mere pendency of a suit to enforce a lien in favor of a mechanic or materialman, under Code 1906, §§ 3058, 3062, does not charge a purchaser from the defendant of the land involved with notice of the lien sought to be enforced; the case is within Code 1906, § 3148, requiring one bringing a suit to enforce a lien on real estate, not evidenced by a public record, to file a *lis pendens* notice.

From the chancery court of, second district, Jones county.

Hon. Samuel Whitman, Chancellor.

Mrs. Fellows, appellee, was complainant in the court below; McKenzie, appellant, was defendant there. From the decree overruling a demurrer to the bill of complaint defendant appealed to the supreme court. The facts are sufficiently stated in the opinion of the court.

*R. E. Halsell,* for appellant.

While this suit to enforce the lien for labor and material was pending, and about a month and a half before judgment was obtained, Stewart, the owner of the property, and the man against whom the suit was pending, conveyed the property in question to Frank Gardner. This transaction took place September 4, 1906, and Gardner's deed was recorded on September 8, 1906. On December 26, 1906, after judgment had been obtained against Stewart (the original owner of the property), Frank Gardner, who on September 4, 1906, had bought the property from Stewart, while McKenzie's suit for labor and material was pending, conveyed the property to Mrs. Fellows, the ap-

pellee, and Mrs. Fellows sues McKenzie, appellant, to cancel his title obtained by execution sale under the judgment.

Mrs. Fellows, when she bought from Gardner, only bought such title as Gardner had. She could not acquire a title superior to Gardner's, and Gardner having bought this property while the matter was pending in court to enforce the lien for labor and material, was not an innocent purchaser, and it has been held time and again that a party who buys property pending a litigation, takes it subject to the litigation. It does not matter whether anything is recorded or not,—the litigation itself is notice to the world. *Trust Co. v. Hardwood Co.,* 74 Miss. 584.

It is contended by appellee, however, that the appellant should not only have begun his suit to enforce his lien but should have filed notice of the suit on the *lis pendens* docket in the chancery clerk's office, as provided by Code 1906, § 3148. In *Trust Co. v. Hardwood Co.,* 74 Miss. 584, it is held that the mere pendency of a suit is notice to the party, and that the party is affected thereby, and this was the law before the adoption of Code 1906, § 3148. This decision clearly holds that the pendency of a suit about land is notice to the purchaser, and it also holds that under the lien law there is nothing to do except to begin suit in the proper court.

*Henry Hilbun* and *Shannon & Street,* for appellee.

Code 1906, § 3148, being the same as Code 1892, § 2783, expressly declares that "When any person shall begin a suit in any court, whether by declaration or bill, or by cross-complaint, to enforce a lien upon, right to, or interest in, any real estate, unless the claim be founded upon an instrument which is recorded, or upon a judgment duly enrolled, in the county in which the real estate is situated, such person shall file with the clerk of the chancery court of each county where the real estate, or any part thereof, is situated, a notice containing the names

of all the parties to the suit, a description of the real estate, and a brief statement of the nature of the lien, right, or interest, sought to be enforced."

Appellant does not contend that a contract was on record, or that the judgment against Stewart was enrolled, or that notice of the suit or levy was entered in the chancery clerk's office, or that Mrs. Fellows, the appellee, had any actual notice of the suit or the levy, but simply contends that the mere filing of a suit in the justice of the peace court is notice to the world. In support of this contention, counsel for appellant cites *Nettleton Hardwood Co. v. Alliance Trust Co.,* 74 Miss. 584. This case is exactly in line with the contention of appellee, and it will be seen by a perusal of the case referred to, that the cause of action arose before the Code of 1892 went into effect.

SMITH, J., delivered the opinion of the court.

Appellee filed a bill in the court below to cancel a certain deed made to appellant to the land in controversy under a sale by virtue of a special execution issued upon a judgment rendered in a mechanic's lien proceeding. In February, 1906, appellant instituted a proceeding against J. D. Stewart, the then owner of the property, to enforce a mechanic's lien on the property. The contract under which the lien arose was a verbal one, and of course was not recorded. No *lis pendens* notice was filed in the office of the chancery clerk, as required by Code 1906, § 3148. After many continuances this cause resulted in a judgment by default against the said Stewart on the 27th of October, 1906, and the property in controversy was ordered to be sold to satisfy said lien. On August 31, 1907, execution was issued on this judgment, and on the 7th day of October thereafter appellant became the purchaser of the property at execution sale. Shortly thereafter appellee filed her bill in the court below, alleging that she was the owner of said land, and on the 4th day of September, 1906, the said Stewart conveyed

same to one Frank Gardner, who on December 26, 1906, conveyed same to appellee; that appellee was a *bona fide* purchaser thereof for value, without notice of the pendency of the suit above referred to, or of the judgment rendered therein; and that she learned of same for the first time after the execution sale had been made. She prayed for the cancellation of the deed as a cloud upon her title. To this bill a demurrer was interposed by appellant, which demurrer was overruled, and an appeal granted to this court, to settle the principles of the cause.

Section 3058 of the Code, after creating the mechanic's and materialman's lien, provides that same "shall take effect as to purchasers or incumbrancers for a valuable consideration, without notice thereof, only from the time of commencing suit to enforce the lien," etc. Sections 3148 and 3151 of the Code deal with the same general subject-matter as section 3058— that is, liens to be enforced by suit—and are as follows:

"3148. When any person shall begin a suit in any court, whether by declaration or bill, or by cross-complaint, to enforce a lien upon, right to, or interest in, any real estate, unless the claim be founded upon an instrument which is recorded, or upon a judgment duly enrolled in the county in which the real estate is situated, such person shall file with the clerk of the chancery court of each county where the real estate, or any part thereof, is situated, a notice containing the names of all the parties to the suit, a description of the real estate, and a brief statement of the nature of the lien, right, or interest sought to be enforced. The clerk shall immediately file and record the notice in the *lis pendens* record, and note on it and in the record the hour and day of filing and recording."

"3151. If a person beginning any such suit, by declaration, bill, or cross-complaint affecting, or if an officer levying any process upon real estate, shall fail to have the required notice entered in the *lis pendens* record, such suit or levy shall not affect the rights of *bona fide* purchasers or incumbrancers of

such real estate, unless they have actual notice of the suit or levy." ·

Section 3058 must therefore be construed in connection with these two latter sections, and it therefore necessarily follows that, when a mechanic's lien is sought to be enforced against real estate, the *lis pendens* notice therein provided for must be given in order to affect *bona fide* purchasers for value without notice.

The chancellor was correct in overruling the demurrer. The decree of the court below is affirmed, and the cause remanded, with leave to appellant to file his answer within thirty days after mandate filed in court below.

*Affirmed.*