SWIFT & CO., INC., v. EVERETT.

(Division A.  Nov. 12, 1934.)

[157 So. 476.  No. 31309.]

H. M. McIntosh, of Collins, for appellant.

R. C. Russell, of Magee, for appellee.

McGowen, J., delivered the opinion of the court.

Polk & Sons, a partnership, filed their bill against R. L. Everett, in which they sought to have a deed of trust executed by S. L. Richardson and his wife to them held to be a paramount lien against certain land therein conveyed to them, including a certain house which had been built thereon in 1928, and foreclosed.

By a supplemental bill the Richardsons were made parties defendant; and it was shown therein that the deed of trust and notes secured thereby had been assigned to Swift & Company, and it was alleged that the deed of trust was a paramount lien to secure an indebtedness due thereunder on a judgment lien held by Everett against a certain house on the described lands.

Everett, in his answer, set up that Polk & Sons were not innocent holders for value, because they had taken their deed of trust with knowledge of his materialman's lien.

The court below dismissed the bill on the theory that the indebtedness was not secured by the deed of trust.

The facts necessary to understand the case are as follows: In 1928 Richardson was a farmer, and Polk & Son were merchants. During that year Richardson traded with Polk & Son on an unsecured open account, and, at the close of the year, owed them a balance of one hundred eighty-seven dollars and fifty-four cents. In February, 1929, Richardson desired Polk & Son to furnish him supplies, on credit, with which to conduct his farming operations, and Polk & Son agreed so to do, provided that Richardson and his wife would execute a deed of trust on certain lands to secure the advances for the year 1929, and also to secure the balance due from the year 1928. In pursuance thereto the deed of trust was executed, and, at the same time, a note for three hundred fifty dollars, which represented the balance due for the year 1928 and the advances during the year 1929. This deed of trust was promptly recorded, and it contained the following provisions: "Witnesseth: That whereas S. L. Richardson and wife, Joan, parties of the first part —— indebted to the party of the third part in the sum of three hundred and fifty dollars on their promissory note of even date due Oct. 1, 1929, and whereas said parties of the first part expect said party of the third part to advance them money and sell them supplies and merchandise during the year 1929, to the amount of one dollar more or less, at such prices as may be agreed upon at the time of delivery, or at the usual and customary credit prices in the town of Mt. Olive, Mississippi; and, whereas, said parties of the first part agreed to secure the payment of said indebtedness, as also any further amount that may be advanced

as aforesaid and not mentioned herein and any and all other indebtedness that is or may become due during the life of this contract." It likewise conveyed the land and their interest and all agricultural products raised thereon during that year. The further provision that, "It is further distinctly understood and agreed between the parties aforesaid that this deed is made and intended to, secure any advances on account of the crop of 1929, made after the maturity thereof, . . ." was contained therein, and also a provision which gave the grantee the exclusive right to make application of all payments made by the grantor to any indebtedness the grantee saw fit.

According to the itemized account, after deducting an overcharge of forty-one dollars, there remained a balance due of four hundred seventy-three dollars and eighty-six cents at the close of the year 1929, in which balance the preexisting debts of one hundred eighty-seven dollars and fifty-four cents was included.

The account and the evidence further show that during the year 1929, cotton covered by the deed of trust was delivered to Polk & Son, and afterwards, some time in May or June, 1929, credited to the account of Richardson as it then existed, the amount of such credit being two hundred ninety dollars and thirty-six cents. The evidence further shows that at the beginning of the year, 1930, it was agreed between Polk & Son and Richardson, who was employed on a monthly salary basis, that he would continue to trade on credit and make payments on his current account, and that any excess payments made by him would be credited on the secured debt. Polk testified that it was agreed that the account subsequent to January 1, 1930, was not to be subject to the deed of trust.

In the summer of 1928, Everett furnished material to Richardson with which to build a house on the land, and Richardson did not pay the account. In December, 1928,

Everett filed his petition in the circuit court to enforce his materialman's lien against the house, but not against the land. This suit was continued for several years, and, finally, about four years later, Everett recovered a judgment, caused execution to issue on it, by virtue of which the sheriff sold the house, and Everett became the purchaser thereof at the execution sale. The Richardsons refused to give possession of the house, and thereupon, by mandatory injunction, they were required to move therefrom. A few days subsequent to this mandatory injunction, Polk & Son filed the original bill in this case.

It is uncontroverted in this case that Polk & Son had no knowledge whatever of the proceedings instituted by Everett to enforce the materialman's lien on the house here in controversy. Everett failed to file a lis pendens notice at any time during the pendency of his proceedings to enforce the materialman's lien.

By its decree, the court below excluded the pre-existing debt of one hundred eighty-seven dollars and fifty-four dollars from the amount secured by the deed of trust, and, upon applying the proceeds received from the cotton to the balance of the account for 1929, it was found that the secured indebtedness was paid, and the court declined to grant Swift & Company, the assignees of Polk & Son, a lien upon the house paramount to Everett's lien, although it held that Swift & Company were bona fide purchasers and had a prior lien on all money and supplies furnished to Richardson from the date of the trust deed to the maturity thereof.

The controversy in this case is whether or not the pre-existing debt due by Richardson to Polk & Son at the time the deed of trust was taken is a lien on the land and house conveyed in the deed of trust.

Although Everett began his suit sixty or ninety days before the deed of trust was executed, his failure to file a lis pendens notice did not affect subsequent incumbrancers or purchasers for value without notice. Everett

sought to enforce the materialman's lien under section 2258, Code 1930, and the house on which he sought to enforce the lien was land within the meaning of section 2325, Code 1930, there being no written contract on file. McKenzie v. Fellows, 97 Miss. 31, 52 So. 628.

In Big Three Lumber Co. v. Curtis, 130 Miss. 74, 93 So. 487, this court held that a mechanic's lien upon the house erected is effective and superior as against prior, but not subsequent, incumbrances, without notice, upon the land.

We conclude that the lien acquired by Polk & Son in the deed of trust was paramount and superior to the judgment lien acquired by Everett.

We are also of opinion that the pre-existing debt included in the note, under the facts of this case, constituted sufficient valuable consideration, and is secured by the deed of trust. In this case, in addition to the extension of time for the payment of the debt to October 1st of that year, there was an agreement to make further advances, upon the strength of which Polk & Son accepted the deed of trust. See Henderson v. Downing, 24 Miss. 106; Schumpert v. Dillard, 55 Miss. 348; Atkinson v. Greaves, 70 Miss. 45, 11 So. 688; Timberlake v. Compress Co., 72 Miss. 323, 16 So. 530.

Notwithstanding the clause in the trust deed giving the grantee the right to make application of payments in this case, it appears that the cotton raised on the place and covered by the deed of trust was delivered to Polk & Son by Richardson during the year 1929, and he could not hold the proceeds of the cotton secured by the deed of trust until such time as he could apply it to a subsequent debt not in existence when the cotton was delivered to him. In equity, such an application of the payments would operate as a fraud upon the holder of the junior lien effected directly thereby. The proceeds of that cotton should be applied as a credit on the 1929 indebtedness.

When the pre-existing debt is included in the 1929 indebtedness and the proceeds of the cotton are deducted therefrom, there remains a sum due on and secured by the deed of trust for which the holders are entitled to foreclosure.

The debt contracted under the new agreement subsequent to the year 1929 is not secured by the deed of trust under the terms thereof and the evidence. Liberty Mercantile Co. v. Allen, 134 Miss. 354, 98 So. 774.

We are remanding this case for further proceedings in the lower court, with directions to find the amount, interest, and attorney's fee, and to order foreclosure of the deed of trust held by Swift & Company for the amount found to be due thereon for the year, 1929, with the credit we have indicated applied thereto.

The court below will protect Everett by directing that the land secured in the deed of trust be sold first, and, if necessary, the house here in controversy be sold separately.

Reversed and remanded.