397 So.2d 73 (1981)
Milton GIESBRECHT et al.
v.
Mary Ann Barbieri SMITH et al.
No. 52264.
Supreme Court of Mississippi.
March 25, 1981.
Rehearing Denied May 6, 1981.
*74 Charles M. Merkel, Holcomb, Dunbar, Connell, Merkel, Tollison & Khayat, Clarksdale, for appellants.
Lomax B. Lamb, Jr., Larry O. Lewis, Caldwell & Lewis, Marks, for appellees.
Before ROBERTSON, P.J., WALKER and BOWLING, JJ.
ROBERTSON, Presiding Justice, for the Court:
Milton Giesbrecht and wife, Modessa K. Giesbrecht, the Federal Land Bank of New Orleans, and Harry F. Beacham, Trustee, appeal from the December 17, 1979, Decree of the Chancery Court of Coahoma County canceling as clouds on the title of Mary Ann Barbieri Smith, et al:
1. Warranty Deed from Tony Morris to Rocco G. Morris and his wife, Dorothy L. Morris, dated December 6, 1973, and recorded in Book 436 at Page 329.
2. Warranty Deed from Rocco G. Morris and his wife, Dorothy L. Morris, to Llewellyn E. Nickel and his wife, Rhonda Gaye Nickel, dated October 9, 1974, and recorded in Book 444 at Page 515.
3. Warranty Deed from Llewellyn E. Nickel and his wife, Rhonda Gaye Nickel, to Milton Giesbrecht and his wife, Modessa K. Giesbrecht, dated January 5, 1977, and recorded in Book 469 at Page 329.
4. Deed of Trust from Milton Giesbrecht and his wife, Modessa K. Giesbrecht, to Harry F. Beacham, Trustee for the Federal Land Bank of New Orleans, beneficiary, securing the payment of a note for $39,000, which deed of trust is dated January 11, 1977, and recorded in Book 468 at Page 491.
In its decree, the court also found that Milton Giesbrecht and his wife owed rent on the 80 acres of land (the subject of this litigation) to the complainants "from and after the death of Tony Morris on April 13, 1977;" and that Milton Giesbrecht and his wife were not entitled to any reimbursement for extensive improvements made by them to the 80 acres of land. The court stated in its decree that its decision was mandated by the opinion of this Court in Smith, et al. v. Bank of Clarksdale, et al., (Cause No. 51,097), 374 So.2d 776 (Miss. 1979):
The defendants-appellants have assigned as error:
I. The Court erred in sustaining the demurrers of Mary Ann Barbieri Smith and her children which in effect denied to Milton Giesbrecht and Modessa K. Giesbrecht their claimed status as bona fide purchasers for value without notice of the subject 80-acre tract.
II. The Court erred in ruling that the Giesbrechts were not entitled to the value of improvements made by them upon the 80-acre tract in question based upon the finding that the 1979 holding of the Court in Smith v. Bank of Clarksdale had the effect of retroactively charging the Giesbrechts with implied notice of title defects in Tony Morris' title.
III. The Court erred in awarding rents to Smith and her children from Giesbrecht for the use of his land.
IV. The Court erred in taxing costs of the proceeding in the lower court against Appellants.
In Smith, supra, the only party named as a Defendant, in Mary Ann Barbieri Smith's original Petition "To Declare Null and Void the Decree Reopening Estate Allowing Election of Real Estate and for Other Relief", was Bank of Clarksdale, Executor of the Estate of Tony Morris, deceased. By "Amendment of Petition" filed April 6, 1978, which opened with this language:

*75 "Petitioners are informed and believe, and on information and belief allege, that the following persons are in possession of or claim interests in real property owned by Angeline A. Morris, decedent, at the time of her death which conflict with the claim of petitioners to ownership of said lands and who will or may be affected by a decision in this cause, namely:"
she added Milton Giesbrecht and his wife, Modessa K. Giesbrecht; The Federal Land Bank of New Orleans; Harry F. Beacham, Trustee; Rocco G. Morris and his wife, Dorothy L. Morris, as the owners of certain mineral interests; and Joe Morris and Louis Morris, the two living remaindermen under the will of Tony Morris, deceased. In neither the Petition nor Amendment thereto did she describe any particular land. She charged that she was the owner of all lands owned by Angeline A. Morris at her death, and she dealt with all lands as a whole.
The only place in the amendment to the petition that the Giesbrechts are mentioned is in the opening paragraph. Smith did not pray for any relief against the Giesbrechts, praying only that:
"[U]pon the hearing of this petition, that the said decree entered by this Court in this cause on September 1, 1972 be declared null and void and of no effect, and that the lands described in said decree as constituting a devise to Tony Morris, deceased, be declared null and void, and that the lands named in said decree be declared to be the property of your petitioners herein under the last will and testament of Angeline A. Morris, deceased."
In Cause No. 51,097, Smith, supra, on the page before the court's opinion, is this Motion made by Mrs. Smith's counsel:
"Come the parties, complainants, petitioners and defendants and jointly move the court for a hearing in advance of trial on the issue of the legal effect of the court orders entered in the Angeline A. Morris Estate, based on the January 21, 1970, petition for discharge of the executor, the decree of the court on January 23, 1970, the petition to reopen the estate filed on September 1, 1972 and the decree of the court entered on September 1, 1972, as reflected in the pleadings and the matters stipulated on record with the ruling to have effect on the three causes which are consolidated this day for trial." (Emphasis added).
The court sustained this joint motion and rendered its interlocutory opinion and amended interlocutory decree without taking any testimony.
The record in Cause No. 51,097 consists of a total of 97 pages. It consists only of the pleadings in Cause No. 16,528, the complete U.S. Estate Tax Return (consisting of 21 pages) filed in 1968, and the court's opinion and amended interlocutory decree on "the issue of the legal effect of the Court Orders entered in the Angeline A. Morris Estate" as asked for in the joint motion. No pleadings in Causes numbered 21,318 and 21,343, which causes were to be consolidated for trial (according to the joint motion) were in the record of No. 51,097, Smith, supra. When No. 51,097 was decided by this Court, causes numbered 21,318 and 21,343 were not even before this Court.
In its "Amended Interlocutory Decree" of June 21, 1978, all that the chancery court in Smith, supra, decided was:
"a) The January 23, 1970, Decree entered in the Estate of Angeline A. Morris discharging the executor was incomplete and inadequate, failed to give effect to the Will of Angeline A. Morris, and cannot be considered as a decree of distribution.
b) The September 1, 1972, decree is void for want of proper notice to all interested parties.
c) All parties interested in the Estate of Angeline A. Morris are presently before the Court, and it is fitting and proper that the administration of said Estate now be concluded with a proper Decree of Distribution being entered therein.
d) Petitioners Mary Ann Barbieri Smith and her children are granted leave to appeal from this interlocutory decree without supersedeas."
*76 This complete history of Smith, supra (Cause No. 51,097), is repeated to show beyond peradventure that neither the chancery court nor this Court had before it, in Cause No. 51,097, the defense of bona fide purchaser for value without notice as to the Giesbrechts, or the defense of bona fide encumbrancer for value without notice as to The Federal Land Bank.
When attorneys for the Giesbrechts and for The Federal Land Bank checked the title to this 80 acres in January, 1977, there was of public record in Will Book 11 at Page 475 the Last Will and Testament of Angeline A. Morris, deceased, who departed this life on March 13, 1968, and whose last will and testament was probated in common form on October 14, 1968. That will provided, among other things:
ARTICLE II.
I give, devise and bequeath unto my beloved husband, Tony Morris, an amount equal to the maximum marital deduction allowable under federal estate tax laws, with respect to my estate. The determination of this amount shall be prior to any deduction for state, inheritance, or succession taxes. This bequest shall be paid by my Executor from the personal property of my estate, after provision is first made by my Executor from such personal property for the payment of all my debts and expenses of administration. Should the remainder of the personal property assets of my estate be insufficient so as to not equal the maximum marital deduction allowable under the federal estate tax laws, then the balance thereof shall be taken and discharged from real property owned by me at my death, with a choice of such real property to be made by my beloved husband. (Emphasis added).
.....
ARTICLE VI.
I hereby name, nominate, appoint and constitute my beloved husband Tony Morris as Executor of this my Last Will and Testament; and it is my wish and will, and I do hereby order and direct that my said Executor shall not be required to give bond or other security as such in this or any other jurisdiction wherein proceedings may be required to be instituted in connection with this, my Last Will and Testament. Nor shall my said Executor be required to prepare and state an appraisal or account of my estate except insofar as the same may be required by the taxing authorities of the United States of America or the State of Mississippi. (Emphasis added).
There was also of public record the complete administration of the Estate of Angeline A. Morris, deceased, from beginning to end by the same chancellor of the same chancery court (which had unquestioned jurisdiction of the subject matter and the parties). The decree of January 23, 1970, closing the estate and discharging the executor had been of public record since its date. The petition to reopen and to make a matter of record the selection of real property to complete the specific bequest and devise of the maximum marital deduction allowable under Federal estate tax laws to Tony Morris, the husband of Angeline A. Morris, and the detailed decree granting all the relief prayed for in the petition had been a matter of public record since September 1, 1972, when the decree was recorded in Minute Book 72 at Page 52 and also in Deed Book 421 at Page 177 of the Land Deed Records of Coahoma County. This decree clearly and unequivocally found and ordered that the 80 acres (now in dispute) was the property of Tony Morris in fee simple.
There was also of public record:
1. A general warranty deed from Tony Morris to Rocco G. Morris and his wife, Dorothy L. Morris, dated December 6, 1973, and promptly recorded in Deed Book 436 at Page 329.
2. A general warranty deed from Rocco G. Morris and his wife, Dorothy L. Morris, to Llewellyn E. Nickel and his wife, Rhonda Gaye Nickel, which deed was dated October 9, 1974, and promptly recorded thereafter in Land Deed Record Book 444 at Page 515.
*77 8 Thompson on Real Property, § 4312, (1963), states:
"The law is firm on this point that if the record truly kept as provided by state law shows title in one, then another who is a bona fide purchaser for value without notice from such record title holder acquires title as against the world regardless of what prior transfers may have been made by the record owner. To so receive the protection of the law and to be its favorite child he must: (a) be a `purchaser,' not a donee, heir or devisee, (b) be `bona fide,' that is, act in good faith, (c) have paid `value' as the law requires value and (d) be without `notice,' actual or constructive of the claims of others to or against the property.
.....

The courts define a bona fide purchaser to be one who has in good faith paid a valuable consideration without notice of the adverse rights in another." Vol. 8 at page 363. (Emphasis added).
In 77 Am.Jur.2d, Vendor and Purchaser, § 633, (1975), we find this language:
"It has been declared that the soundest reasons of justice and policy demand that every reasonable intendment should be made to support the titles of bona fide purchasers of real property, and that no equity can be any stronger than that of a purchaser who has put himself in peril by purchasing a title for a valuable consideration without notice of any defect in it." 77 Am.Jur.2d at page 754.
Another fatal defect in the case at bar is that the general warranty deed from Rocco G. Morris and wife to Llewellyn E. Nickel and his wife, Rhonda Gaye Nickel, and the general warranty deed from them to the Giesbrechts, are canceled and the Nickels were not even named or summoned as parties defendant.
To the Giesbrechts' and The Federal Land Bank's motions to amend their answers in order to assert their respective defenses of bona fide purchasers for value without notice, and bona fide encumbrancer for value without notice, petitioners made oral general and special demurrers, which were sustained by the lower court.
The lower court was in error in sustaining the oral general and special demurrers to the motions to amend answers; and the court was in error in holding that its decision in the case at bar was mandated by the decision of this Court in Cause No. 51,097, styled Smith, et al v. Bank of Clarksdale, 374 So.2d 776 (Miss. 1979), and in effect holding that this matter was res adjudicata.
The decree of the lower court is reversed and the cause remanded for a trial on the merits.
REVERSED AND REMANDED.
PATTERSON, C.J., SMITH, P.J., and SUGG, WALKER, BROOM, LEE, BOWLING and HAWKINS, JJ., concur.