994 So.2d 187 (2008)
In the Matter of the LAST WILL AND TESTAMENT OF Mazie WILCHER, Deceased.
Lonnie Faulkner, Zachary Faulkner and Benjamin Faulkner, Appellants
v.
Thomas Karl Wilcher, Executor of the Estate of Mazie Wilcher, Deceased, and Connie Wilcher, Appellees.
No. 2006-CA-01133-COA.
Court of Appeals of Mississippi.
November 13, 2007.
Rehearing Denied April 15, 2008.
*188 Samuel S. Goza, Robert L. Goza, Ridgeland, attorneys for appellants.
Alan D. Rhea, Carthage, Dexter C. Nettles, attorneys for appellees.
Before MYERS, P.J., GRIFFIS and CARLTON, JJ.
MYERS, P.J., for the Court.
¶ 1. Lonnie Faulkner, Zachary Faulkner and Bejamin Faulkner (the Faulkners) appeal the Leake County Chancery Court's grant of summary judgment in favor of the Estate of Mazie Wilcher (the Estate), the executor of the Estate, Thomas Karl Wilcher, and Connie Wilcher, which set aside and cancelled a purported conveyance of certain property located in Leake County. Alternatively, the Faulkners seek a refund of their expended purchase price for the real estate. Finding no error in the decision of the chancery court, we affirm.

FACTS
¶ 2. Mazie Wilcher died testate in 1991, leaving as part of her estate a twelve-acre plot of real property located in Leake County, subject to a life estate in favor of Connie Wilcher, with the remainder devised to Thomas Karl Wilcher. Although Mazie Wilcher died testate, her will was not submitted for probate until February 19, 2003. Before the will was submitted for probate, however, Mazie Wilcher's daughter, Connie Wilcher, conveyed by deed the real property to the Faulkners, her blood relatives, on January 4, 2003, subject to her life estate. The Faulkners took title to the real property, without a title examination, and allegedly unaware of the unprobated will of Mazie Wilcher. Sometime later in that month, Thomas Karl Wilcher became aware of the land deed transfer and objected. As a result, the Faulkners reconveyed the property to Connie Wilcher. However, shortly thereafter, Connie Wilcher again conveyed the land to the Faulkners.
¶ 3. On February 18, 2003, Thomas Karl Wilcher finally filed Mazie Wilcher's will for probate and was appointed executor of the Estate. Upon the filing of the will, it was also determined that Thomas Karl Wilcher was named trustee of the property and given the absolute authority to sell, lease or assign Connie Wilcher's interest. Thomas Karl Wilcher sought to set aside and cancel the deed transfer to the Faulkners. The chancery court granted Thomas Karl Wilcher's request, and granted summary judgment in favor of him and the Estate, thereby setting aside the land transfer to the Faulkners. The chancellor found that there was a break in the chain *189 of title, and that the Faulkners were on notice of the possible break because the land deed stated clearly, "THIS INSTRUMENT IS PREPARED WITHOUT TITLE EXAMINATION." The chancellor then held that this break in the chain of title rendered the property unmarketable and found that Thomas Karl Wilcher and the Estate were entitled to judgment as a matter of law. The Faulkners were not returned their purchase price of $10,799.00.
¶ 4. Aggrieved, the Faulkners appeal, requesting review of the chancellor's grant of summary judgment setting aside the land transfer or seeking a return of the monies expended for the property's purchase price. The Faulkners challenge the chancellor's finding that they were not innocent purchasers as a matter of law, and argue that the affirmative defenses of laches and estoppel apply so as to prevent the setting aside of the land transfer. Finding no error in the grant of summary judgment, we affirm the decision of the chancery court. However, because the issue of the Faulkners' reimbursement for the purchase price was never brought before the lower court, we decline review.

STANDARD OF REVIEW
¶ 5. An appellate court conducts a de novo review of a trial judge's grant of a motion for summary judgment, and "examines all the evidentiary matters before it admissions in pleadings, answers to interrogatories, depositions, affidavits, etc." City of Jackson v. Sutton, 797 So.2d 977, 979 (¶ 7). (Miss.2001). The moving party has the burden of demonstrating that no genuine issue of material facts exists, and the non-moving party must be given the benefit of the doubt concerning the existence of a material fact. Id. "If no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law, summary judgment should be entered in that party's favor." Monsanto Co. v. Hall, 912 So.2d 134, 136(¶ 5) (Miss.2005).

DISCUSSION

I. WHETHER THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT AGAINST THE FAULKNERS, THEREBY SETTING ASIDE AND CANCELLING THE LAND DEED TRANSFER
¶ 6. The chancellor set aside and cancelled the deed from Connie Wilcher to the Faulkners, finding that a break in the chain of title rendered the title unmarketable. The chancellor further found that the Faulkners were not innocent purchasers of the property, and denied their request for relief based on the bona fide purchaser defense. The Faulkners contend that they were, in fact, innocent purchasers because they were not aware that Mazie Wilcher had a will at her death. Thus, the Faulkners argue that as innocent, bona fide purchasers of the property, they are protected against having the deed set aside.
¶ 7. "Our law seeks to protect bona fide purchasers for value without notice and defines a bona fide purchaser as `one who has in good faith paid a valuable consideration without notice of the adverse rights of another.'" Simmons v. Mississippi Transp. Comm'n, 717 So.2d 300, 303(¶ 13) (Miss.1998) (Giesbrecht v. Smith, 397 So.2d 73, 77 (Miss.1981)). But, a purchaser of land has the duty
to examine all deeds and conveyances previously executed and placed of record by his grantoreither immediately or remoteif such deeds or conveyances in any way affect his title. And if in any such deed or conveyance there is contained any recital sufficient to put a *190 reasonably prudent man on inquiry as to the sufficiency of the title, then he is charged with notice of all those facts which could and would be disclosed by a diligent and careful investigation.
Simmons, 717 So.2d at 303(¶ 13) (quoting Bedford v. Kravis, 622 So.2d 291, 295 (Miss.1993)).
¶ 8. The chancellor found that the Faulkners were on notice of the possibility of a break in the chain of title, at least by January 4, 2003, due to the statement appearing in the deed noticing that the instrument was prepared without title examination. Thus, the Faulkners were not found to be bona fide purchasers and were divested of this defense. In finding that the Faulkners were not innocent purchasers, the chancellor rejected their defense of protection by the doctrines of laches or equitable estoppel.
¶ 9. Both defenses of laches and equitable estoppel are similar. A purchaser can raise the affirmative defense of laches when "one party neglects to assert a right or claim, and such neglect, when taken together with any lapses of time and other circumstances causing prejudice to the adverse party, operates as a bar in a court of equity." Bailey v. Estate of Kemp, 955 So.2d 777, 784(¶ 28) (Miss.2007). The party asserting the defense of laches must show: "(1) a delay in asserting a right or claim; (2) that the delay was not excusable; and (3) that there was undue prejudice to the party against whom the claim is asserted." Id. at 784(¶ 29). In order to assert a claim of equitable estoppel, one must show a "(1) belief and reliance on some representation; (2) change of position as a result of the representation; and (3) detriment or prejudice caused by the change of position." Mound Bayou Sch. Dist. v. Cleveland Sch. Dist., 817 So.2d 578, 583(¶ 15) (Miss.2002) (citing Covington County v. Page, 456 So.2d 739, 741 (Miss.1984)).
¶ 10. The Faulkners assert that the Wilchers knowingly withheld Mazie Wilcher's will from probate and wilfully concealed its existence, thereby fostering the Faulkner's reasonable reliance on the fact that the property was marketable before its transfer. As a result, the Faulkners assert that they were prejudiced by the Wilchers' concealment of the will because the concealment caused the lapse in the title.
¶ 11. Ordinarily, the Faulkners' belief and reliance on Connie Wilcher's implicit representation that she owned the subject property before the conveyance would qualify for the defense of laches or equitable estoppel. However, the chancellor found that the Faulkners' reliance was overcome by their duty to investigate the title to the property. Thus, the court held that neither defense applies so as to qualify the Faulkners into the category of innocent purchasers of the realty. We agree. The Faulkners were charged with the duty to investigate the title to the property before purchasing the realty and the failure to ensure the property's marketability is fatal to the Faulkners' claim.
¶ 12. "A break in the chain of title renders the title to the realty unmarketable." Ferrara v. Walters, 919 So.2d 876, 883(¶ 17) (Miss.2005). Having found that the Faulkners were not innocent purchasers, we agree with the chancellor that the deed must be set aside. Viewing the evidence in the light most favorable to the party against whom the motion has been made, the Faulkners, we find that there was no genuine issue of material fact left for the court to decide. Therefore, we affirm the chancellor's grant of summary judgment in favor of Thomas Karl Wilcher and the Estate. The decision to set aside the land transfer was proper.

*191 II. WHETHER THE FAULKNERS ARE DUE A REFUND OF THE PURCHASE PRICE OF THE PROPERTY AFTER THE TRANSFER DEED WAS SET ASIDE
¶ 13. Upon finding that the Faulkners were not innocent purchasers of the property, the chancellor granted summary judgment in favor of Thomas Karl Wilcher and the Estate, thereby setting aside the land transfer. However, within the order of the chancellor, no mention is given to the return of the purchase price. On appeal, the Faulkners seek a refund of their purchase price, arguing that the failure to return the purchase price results in unjust enrichment. Thomas Karl Wilcher and the Estate argue that the chancellor did not err in canceling the deeds without ordering a refund of the purchase price as a condition of the relief. In support of their position, Thomas Karl Wilcher and the Estate cite to certain discovery revealing that the purchase price was paid into a bank account in the name of Connie Wilcher and the mother of the Faulkners, Hilda Denne. Further, the Wilchers point us to a settlement agreement reached between the Faulkners and the Wilchers for which the Faulkners were to receive certain items in lieu of refunding the entire purchase price of the property.
¶ 14. Having reviewed the record, we can find no evidence in support of either the Faulkners' or the Wilchers' or Estate's position. In fact, because the issue before the chancery court centered upon whether the Faulkners were the record title holders of the property, the issue of the return of the purchase price was never brought before or adjudicated in the lower court. Therefore, because the issue of the return of the purchase price of the property was not raised in the lower court, review is barred. Coleman v. State, 772 So.2d 1101, 1103(¶ 8) (Miss.Ct.App.2000). Accordingly, we dismiss this argument and decline review.
¶ 15. THE JUDGMENT OF THE CHANCERY COURT OF LEAKE COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
KING, C.J., LEE, P.J., CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.