YATES *et al v.* COUNCIL *et al.**

(Division B.   Dec. 22, 1924.)

[102 So. 176.   No. 24221.]

1. MORTGAGES. *Banks holding as collateral notes secured by mortgage necessary parties to foreclosure suit, and petition demurrable for nonjoinder.*

   In a suit to foreclose a mortgage in a chancery court, where the bill shows that the notes secured by the mortgage and deed of trust are held by banks as collateral security to an indebtedness, the banks are necessary parties to the suit.

2. PARTIES. *Bill showing notes secured by mortgage held by banks not parties is demurrable.*

   When the bill shows this fact, it is subject to demurrer because of the failure to make the banks parties to the suit.

---

*Headnotes 1. Mortgages, 27 Cyc., p. 1564; Pleadings, 31 Cyc., p. 293; 2. Pleading, 31 Cyc., p. 293.

APPEAL from chancery court of Washington county.

HON. E. N. THOMAS, Chancellor.

Suit by Chas. T. Council and another against J. W. Yates and others to foreclose deed of trust. From decree for plaintiffs, defendants appeal. Reversed and remanded, and *lis pendens* notice discharged.

*Clark & Williams,* for appellants.

1. There is no equity on the face of the bill. Council and Wade, his "trustee," are intermeddlers, and their bill fails to state any facts which would authorize them to file this suit. They did not hold the legal title to the notes sued on, they allege no demand upon the two banks, or either of them, to collect the notes, or to foreclose the deed of trust, and give no excuse for meddling with the securities of the banks in this fashion. Neither do they make the banks parties, nor show any reason for omitting to do so. *Kitchens* v. *Harrall,* 54 Miss. 474.

2. "It is a settled maxim in equity that all persons in interest in the subject to litigation whose interests will be affected by the decree, must be made parties to the bill." *Foster* v. *Jones,* 17 So. 893, 895; Story Equity Plead., sec. 201; *Harding* v. *Cobb,* 47 Miss. 599.

3. A misjoinder of complainants, if it appears on the face of the bill, is demurrable. *Harding* v. *Cobb, supra; Harlow* v. *Mister,* 64 Miss. 25.

4. A nonjoinder of necessary parties, if it appears upon the face of the bill, is demurrable. *Rodd* v. *Durbridge,* 53 Miss. 694; *Champlin* v. *Cotton,* 53 Miss. 689.

5. The bill itself nowhere alleges that Council had any substantial equity in the Townsend notes, which were collateral security to his loans at the banks. His bill states that L. T. Wade, his newly appointed trustee, was to liquidate the securities and pay over the remainder of the proceeds, "if any," to council. On the face of it, this bill is an attempt on the part of council to "raise the wind," by collecting his unascertained

"equity" in securities which he had pledged to the banks. The gravamen of the bill is this: Council owes the banks, and has turned over to them the Townsend notes. If, after the banks are paid what Council· owes them out of the securities, there is any balance remaining, he, Council, would like to get it. Accordingly, although he is not positive that anything will be left for him, he would greatly appreciate it if the court would order an accounting to ascertain what sum or sums "if any" are left for him. *George* v. *Solomon,* 71 Miss. 168. The bill in the instant case being a fishing bill, the demurrer to it should have been sustained. *George* v. *Solomon, supra; Bank* v. *Phillips,* 71 Miss. 51.

6. This is neither an attachment in chancery nor a creditor's bill. (a) Attachment in chancery: Townsend, the non-resident, who was summoned by publication, had no land in the state, and the notes were in the hands of the banks, and they are not made parties. Section 293, Hemingway's Code, does not cover the case. (b) Creditor's bill. The bill is not maintainable as a creditor's bill under section 313, Hemingway's Code, for want of interest, and for want of proper parties, both complainant and defendant.

7. The allegations of fraud, intent to hinder and delay, etc., are transparent subterfuges, put in to shut out a demurrer to the bill. Since Yates Brothers never had any dealing with Council, never came in contact with him, these allegations are far-fetched. There is no allegation that they had any fraudulent dealings in any property other than their own, and complainants set up on positive claim against them which would entitle them so come in on creditor's bill. When Council sold the land to Townsend, he took a deed of trust to secure the unpaid purchase money. On what theory can he allege that Yates Brothers are trying to defraud him by their dealings with their own property? It nowhere appears either in the bill or in the testimony that

any demand was ever made, either by the banks or by Council, to pay these notes, and there is nothing in either the bill or the testimony to show that Yates Brothers even knew who held these notes, until this suit was filed. The allegations of fraud in the bill are mere conclusions of law from a vaguely stated act of facts which will not satisfy the court. *Salter* v. *Aviation Salvage Co.,* 91 So. 340; *Hamilton* v. *Lockhart,* 41Miss. 460; *Fire Ins. Co.* v. *Standard Drug Co.,* 117 Miss. 435-36.

8. As to that part of the demurrer which challenges this bill for not making the assignment from Council to Wade, trustee, an exhibit to the bill, and also, the failure to show copies of the notes, we think that slack pleading and slack practice has become a great burden to all our courts, and that the time has come to call a halt on it. Had the assignment from Council to Wade, trustee, been set out in this bill, no court would have entertained such a bill. As it was, the allusions to this assignment contained in the bill, vague as they were, showed that the assignment was made after Council had pledged the Townsend notes to the banks, which was afterwards confirmed by the testimony. The rule is that vague pleadings must be taken more strongly against the pleader.

1. The testimony of the two cashiers knocks the bottom out of this case. Both plainly stated that this suit was brought by the two banks, who were not parties to it. This court has held, that a suit cannot be brought in equity ''for the use'' of a bank. The holders of both the legal and equitable interests must be before the court. *Kitchens* v. *Harrall, supra.* Had the bill been taken *pro confesso,* the right of both banks to bring an action on the Townsend notes would not have been affected by the decree in the chancery court. *Patty* v. *Williams,* 71 Miss. 837-41.

2.   The testimony of the two cashiers plainly shows that this suit was authorized and directed by the banks, using Council and Wade as blinds.

3.   There was no sound reason why the demurrer overruled, these appellants should be denied an appeal, and forced to answer *instanter*. They had a perfect right to assume that the bill of complaint could not stand up under a demurrer, to assume that the court below could ever be satisfied with any such bill, or should deny them the right to have the supreme court pass on the sufficiency of it.

4.   The charges of fraud were dropped. Not one word of evidence was given to sustain them. This plainly shows that these allegations were inserted in the bill for the sole purpose of avoiding a demurrer. This suit, then, completely fails as an attachment in chancery, and as a creditor's bill for want of proof, as well as for lack of proper allegations.

5.   There was no justification for tying up the plantation of Yates Brothers, not involved in this suit, by putting a *lis pendens* notice on the land records, and crippling them in this fashion. Section 2499, Hemingway's Code, does not authorize it in this case.

6.   The objection by defendant at the hearing, to the introduction of the deed of trust, the notes, and the written assignment from Council to Wade, trustee, because they were not made exhibits to the bill, should have been sustained. We had, in our demurrer, called attention to the fact that the bill had no exhibits attached, and even though it be said that such omissions could not be made ground of demurrer, yet it was certainly proper practice to object to their introduction at the hearing, and the objection should have been sustained. Section 1634, Hemingway's Code; *Wanita Woolen Mills* v. *Rollins,* 75 Miss. 253.

*Watson & Jayne,* for appellees.

The assignment involved in this case operated to pass title to the notes and the mortgage into appellee Wade, as trustee. *Nelson* v. *Yarbrough,* 94 So. 887 (Miss.); 3 Pomeroy Eq. Jury. (4 Ed.), secs. 1209-10. The fact that there was more than one usee interested in the notes does not affect the liability of the maker of the mortgage paper; but could not relate to the right of the usees, as between themselves. 3 Pomeroy Eq. Jur. (4 Ed.), secs. 1201-2-3. Equity has power to decree a foreclosure of trust deed mortgages, independent of the powers conferred on the trustee therein named, by the contract. *Smith et al.* v. *Cleveland Steam Ldy.,* 95 So. 433 (Miss.) The equity of redemption being in the appellants as owners of the land covered by the mortgage, they were necessary parties to the foreclosure proceedings. 2 Jones on Mortgages, (4 Ed.), sec. 1406.

The appellants as purchasers from the mortgagor had assumed the payment of the mortgage debt and thereby made themselves personally responsible to the holders of the mortgage paper, also, were for that reason necessary parties, if personal judgment for a foreclosure deficiency was desired. 2 Jones on Mortgages (4 Ed.), 1407; *Barries* v. *Jones,* 71 So. 573 (Miss.); *Keller* v. *Ashforth,* 133 U. S. 610, 33 L. Ed. 667. The obligation of a purchaser of land who assumes a mortgage thereon as a part of the consideration for his purchase, enures in equity to the benefit of the mortgagee, who may enforce it against the purchaser, to the extent of the deficiency through a bill of foreclosure. *Clapworth* v. *Dressler,* 13 N. J. Eq. 62-66; *Crowell* v. *Hospital,* 27 N. J. Eq. 654; 3 Pomeroy Eq. Jur. (4 Ed.), sec. 1206.

In reply to appellants' brief under their subject of "argument," appellees respond as follows: (a) That the decree was one of foreclosure only, and by a special provision therein reserved, the question of the ultimate liability of appellants for hearing after the report of foreclosure sale should come in, with leave to the appellants to answer the bill of complaint within thirty days

thereafter. This provision in the decree, also, postponed and reserved the issue of fraud. Therefore, on these two questions there was no final decree; but those issues are yet to be heard. (b) With regard to the question as to whether the suit was brought by the proper parties, we submit that the authorities already cited in this brief sustain the bill of complaint. Appellees now reply to the brief of appellants under the headings therein contained.

"As to Demurrer." It is submitted that sections 1, 2, 3 and 4 of the brief are answered by the authorities or cited in this brief. Section 5: Appellants' brief opens this section with the following statement: "The bill itself nowhere alleges that Council had any substantial equity in the Townsend notes which were collateral security to his loans at the banks." Among other things the bill makes the following charge: "That the complainant, Charles T. Council, assigned to the complainant, L. T. Wade, said notes subject to the collateral indebtedness against which the same are held by the aforesaid banks and for the use of said banks, all of said notes, with equity over after said banks had been paid, if any, in Charles T. Council." Section 6: It is admitted: (a) That the suit is not one of attachment in chancery. (b) It does, in one feature, partake of the nature of a creditor's bill. Section 7: The question of fraud alleged against appellants in the bill of complaint was not passed upon by the chancellor, but was reserved in the decree, to be passed on later. Therefore, that question is not now before this court on appeal. Section 8: The failure of appellees to make the assignment from Council to Wade an exhibit to the bill was not relied on as a ground of demurrer, either in the original demurrer, or in the amendment of the demurrer moved by appellants. The amendment offered only covered an objection to the failure to file the notes secured by the mortgage, which the court then allowed to be filed by appellees.

"As to Hearing." (1 & 2) Appellees differ with appellants with regard to the application to this cause of

the cases of *Kitchens* v. *Harrall,* 54 Miss. 474; *Patty* v. *Williams,* 71 Miss. 837-41. This is, also, admitted in appellants' brief in the following language: ''2. The testimony of the two cashiers plainly shows that this suit was authorized and directed by the banks, using Council and Wade as blinds.'' The text of 27 Cyc. 1544 ''II'' covers this particular point at issue, as the appellants right. Of like import is sections 1374-75, 2 Jones on Mortgages (4 Ed.) (4 & 5). The question of fraud and that of *lis pendens* notice were reserved for further consideration in the decree and are yet to be passed on by the chancellor, and, consequently, those questions have no part in this appeal. (6) The exhibits to the bill of complaint as alleged were sufficient. The reference thereto as of record by book and page was sufficient to put the appellants on notice as to the tenor and effect thereof. Besides this the profert statute does not apply to the introduction of evidence in equity cases.

*Clark & Williams,* reply for appellants.

We contend that the proceeding in this case cannot be sustained as a creditor's bill. *Fleming* v. *Grafton,* 54 Miss. 79. Furthermore suing ''for the use'' of the two banks cannot be done in a court of chancery. *Kitchens* v. *Harrall,* 54 Miss. 79.

This proceeding stands without parallel in the experience of the writers of this brief. Here are these appellees, calmly assuring this court, that this is creditor's bill, when the plain law is that fraud is the very bone and marrow of such a bill; fraud, which must be clearly alleged and proved. Yet here we find the lower court putting the cart before the horse, and decreeing foreclosure, upholding the *lis pendens* notice on Yates Brothers' separate property, and reserving the question of appellants' separate liability until foreclosure is had to determine whether or not they are going to own anything—all this without any mention of fraud, without any testimony whatever even mentioning fraud!

There is one test this case cannot stand: Could Yates Brothers safely make the payments directed in the decree? Let us say, for brevity in the illustration, that the court decreed five thousand dollars due Council, ten thousand dollars the Commercial Bank, and five thousand dollars the Citizens Bank. Appellants pay the first two, and proceed with five thousand dollars to the Citizens Bank to discharge the decree as to them. And then they are informed by the latter bank, that the accounting caused to be made in the case, to which it was not a party, was grossly erroneous, and that its claim was double the amount found by the court. Neither of the banks is bound by the amount found to be due them. Even if the banks had been made parties, the decree could not stand. *Wofford* v. *Ashcraft,* 47 Miss. 641.

Argued orally by *Charles Clark* for appellant, and by *H. C. Watson,* for appellee.

SYKES, P. J., delivered the opinion of the court.

The appellees Charles T. Council and L. T. Wade, trustee, brought suit in the chancery court of Washington county against O. F. Townsend, John H. Boyden, trustee, J. W. Yates, and T. E. Yates.

The bill alleges a sale by Council to Townsend, with Boyden, trustee, of certain lands, for which, for the payment of a balance of the consideration, five notes and a deed of trust were executed on the land to secure the payment of the notes. The lands are described in the bill. These notes are held by the Commercial Bank of Greenville and the Citizens' Bank of Greenville as collateral security to a principal note executed by Council. It is then alleged that Council assigned to L. T. Wade these notes subject to the collateral indebtedness against which the same are held by these banks, and that the assignment is for the use of the banks with equity over after the banks have been paid in favor of Council;

that the deed of trust contains a stipulation that if Townsend shall fail to pay any of said notes when due, the holder or holders of said notes may declare all of the indebtedness immediately due, and that these notes have all been declared due and payable and are still unpaid; that O. F. Townsend conveyed these lands to J. W. and T. E. Yates by deed, in which deed it is recited that the grantees assume and agree to pay the above notes executed by Townsend to Council; that the two Yates have failed and declined to pay these notes. It is then charged that, by virtue of this agreement, the Yates are primarily liable, or jointly and severally liable with Townsend. It is next charged that the lands are not worth more than one-half of this indebtedness; that the Yates own other lands, describing them, in Washington county; that they are about to sell, convey, and dispose of these lands, or to mortgage them with the purpose and intent to place the same beyond the reach of their creditors, and for the purpose of defrauding their creditors. It is also charged that the two Yates have been shipping personal property out of the state for the purpose of defeating their creditors. The prayer of the bill is that the lands included in the deed of trust be foreclosed by the court, and that, if there be found a deficiency, then complainants recover of Townsend and the two Yates the amount of this deficiency, and that this deficiency be decreed a lien on the other lands of the two Yates described in the bill, and in the *lis pendens* notice filed. A demurrer was filed to this bill, which among other things stated that the bill showed that the two banks were necessary parties to the suit and were not so made by the bill. This demurrer was overruled, answer filed, and the cause was heard on bill, answer and proof. The proof showed the various conveyances of the land set out in the bill; that the two banks held these notes as collateral security; that if the notes were collected in full there would be an equity payable over to Council or his trustee, Wade. The assignment by

Council to Wade was introduced. In it Council purports to assign to Wade, trustee, the notes and interest thereon owing to him. In it, it is stipulated that the assignment is made to secure the payment of the notes to the two banks. The banks did not assign their interest in these notes to Wade. Testimony was then introduced showing the indebtedness owing by Council to each of these banks and the principal and interest due on all of these notes.

No testimony whatever was introduced to show that the two Yates were fraudulently attempting to mortgage or dispose of their other real property, or that they were shipping personal property out of the state for the purpose of defeating their creditors. The decree of the court finds the amount of the indebtedness owing each of the banks and Council, orders a sale of the land embraced in the deed of trust by a special commissioner appointed by it, and that he report his acts back to the court, and reserves for further hearing other questions concern the personal liability of the two Yates. We neglected to state that during the progress of the trial a motion was made to dismiss and discharge the *lis pendens* notice relating to the other lands of the two Yates not included in the deed of trust. From this decree this appeal is here prosecuted.

We think the demurrer to the bill should have been sustained because the two Greenville banks, who were the legal holders of the notes of Townsend, were not made parties to · the suit. They held these notes as collateral security to an indebtedness of Council. The legal title to the notes is in them. The record shows that the amount owing them is a large one. They were not parties to the assignment by Council to Wade, trustee. In its decree the court attempts to adjudicate the amounts owing these two banks, when the banks are not parties to the suit. That they are necessary parties appears from the face of the bill, and for this reason the demurrer to the bill should have been sustained.

All persons interested in the subject of litigation and whose interests will be affected by the decree must be made parties. A nonjoinder of necessary parties, if it appears upon the face of the bill, is demurrable. *Rodd* v. *Durbridge,* 53 Miss. 694; *Chaplin* v. *Mc Leod,* 53 Miss. 484; *Whitney* v. *Cotten,* 53 Miss. 689. There is nothing in the allegations of this bill to justify the tying up of the other lands of the two Yates by a *lis pendens* notice. This is not an attachment in chancery, neither is it properly speaking a creditor's bill.

This court has held, in speaking of the statute relating to creditors' bills, that it "was enacted to render ineffective and unavailing all fraudulent and collusive conveyances made prior to the institution of a suit, and to prevent divestiture of title subsequent to the filing of the bill by which it was sought to subject the property to the payment of an existing debt, whether the same had been reduced to judgment or not"; that this section (section 313, Hemingway's Code; section 553, Code of 1906) "was designed for the protection of those creditors who have no lien upon, right to, or interest in land"; while chapter 46 of Hemingway's Code (which is the *lis pendens* chapter), "was enacted for the benefit of those entitled to such interest, lien, or right by virtue of some secret equity, some undisclosed claim, or founded upon or evidenced by some unrecorded instrument. A creditor's bill . . . is an effort to restore the title of the property involved to his debtor, who had fraudulently divested himself thereof, and which would, but for such fraud, have been subject to his debt. Successful in this, the law creates for him a lien upon the land in controversy, which relates back, as to other creditors and third persons in general, to the filing of the bill." The *lis pendens* chapter "affords a simple plan whereby those persons who, at the date of the institution of the suit, are vested with, or legally entitled to, a lien upon, right to, or interest in real estate, may protect themselves from subsequent divestiture of title

to their detriment.  The two statutes relate to entirely different and distinct classes of litigants.''  *Fernwood Lumber Co.* v. *Lumber Co.,* 85 Miss. 54, 37 So. 502.

Under this decision creditors, who file a creditors' bill, by virtue of the service of process under this statute (section 313, Hemingway's Code), are given a lien upon the lands of the debtor.  This bill is not a creditors' bill under this statute.  The allegations of the bill affirmatively show that these complainants have no such interest in the lands as permits them to properly file a *lis pendens* notice in this cause.

The decree of the lower court is reversed, demurrer sustained, the *lis pendens* notice relating to the other lands of the two Yates not included in the deed of trust will be dismissed and discharged, and the cause remanded, with leave to complainants to amend their bill in accordance with this opinion.

*Reversed, demurrer to bill sustained; cause remanded.*