FERNWOOD LUMBER CO. *v.* MISSISSIPPI STATE TAX COMMISSION *et al.*

(Division A. Sept. 25, 1933.)

[149 So. 727. No. 30655.]

274

Green, Green & Jackson, of Jackson, for appellant.

**E. R. Holmes, Jr.,** Assistant Attorney-General, for appellees.

Argued orally by **Garner Green**, for appellant, and by **E. R. Holmes, Jr.**, for the state.

**Smith, C. J.**, delivered the opinion of the court.

The appellant sought, but was not allowed by the court below, to recover eighteen thousand four hundred twenty-one dollars and fifty-one cents paid to the appellee, under protest, in excess of income taxes admitted to be due by it for the fiscal years ending, respectively, March 31, 1925, and March 31, 1926. The income was derived from standing timber which the appellant purchased prior to March 16, 1912, and converted into money during the years for which the tax was collected. Chapter 101, Laws 1912, which became effective on March 16, 1912, imposed a tax on incomes. This statute remained in effect until it was revised and amended by chapter 132, Laws 1924, which was approved on March 27, 1924, section 12, paragraph 9, of which providing ''That in computing the net income there shall be allowed as deductions: . . . In the case of timber a reasonable allowance for depletion

based upon cost; provided it was acquired prior to March 16, 1912, the fair market value on that date shall be taken in lieu of cost.'' The value of the appellant's timber on March 16, 1912, was six dollars per acre, and on March 27, 1924, ten dollars per acre. The deduction allowed by the appellee from the price obtained by the appellant for the timber was six dollars per acre, which deduction the appellant claims should have been ten dollars per acre.

Section 112 of 'the state Constitution provides that ''taxation shall be uniform and equal throughout the state. Property shall be taxed in proportion to its value. . . . Property shall be assessed for taxes under general laws, and by uniform rules, according to its true value. . . .''

One ground of the appellant's protest is that paragraph 9 of section 12 of chapter 132, Laws 1924, violates section 112 of the state Constitution for two reasons: First, increase in the value of property is in no proper sense income, but is merely an increase in the value of its owner's capital; but, if mistaken in this, then, second, increase in the value of property accruing prior to the date on which it became subject to income tax thereon is property within the meaning of this section of the constitution, and cannot be subjected to taxation thereafter as income, but only as property under the general revenue law.

That income derived from property is taxable as such and does not violate section 112 of the Constitution was settled by the case of Hattiesburg Grocery Co. v. Robertson, 126 Miss. 34, 88 So. 4, 25 A. L. R. 748, and increase in the value of property accruing over a series of years constitutes profit or gain, and may be taxed as income of the year in which it is converted into money or other property. 61 C. J. 1570; Merchants' Loan & Trust Co. v. Julius Smietanka, 255 U. S. 509, 41 S. Ct. 386, 65 L. Ed. 751, 15 A. L. R. 1305; MacLaughlin v. Alliance Insurance Co. of Philadelphia, 286 U. S. 244, 52 S. Ct. 538,

76 L. Ed. 1083. That the profit or gain is evidenced by something which is property, taxable as such, does not render it exempt from taxation as income. Hattiesburg Gro. Co. v. Robertson, supra.

We are not here concerned with increase in the value of property that accrued prior to the date at which it was first made subject to income taxes thereon; for chapter 132, Laws 1924, is but an amendment and continuation of chapter 101, Laws 1912. MacLaughlin v. Alliance Insurance Co. of Philadelphia, supra.

This brings us to the remaining contention of counsel for the appellant, which is: The fixing by chapter 132, Laws 1924, of the value of the timber as that of the 16th day of March, 1912, the day on which chapter 101, Laws 1912, became effective, violates the equality clauses of both the state and federal constitutions. Section 112 of the state Constitution, and section 1 of the 14th Amendment to the federal Constitution. In support of this, they say that under chapter 101, Laws 1912, the return of the taxpayer as to the amount and sources of his income was conclusive, thereby rendering the statute of little effect and permitting the taxpayer to be the sole judge of the value of his property; while under chapter 132, Laws 1924, this is not true, for thereunder the actual value, not that placed on it by the taxpayer, is the basis on which income therefrom is computed. One sufficient answer thereto is that the income from this property became subject to the tax thereon when, but not until, the property was converted into money; so that the income here taxed did not come into existence, in the legal sense, until after the enactment of chapter 132, Laws 1924.

Affirmed.