527 So.2d 96 (1988)
Olive McMillan ALDRIDGE, Bob K. Faucette, Cynthia M. Faucette, and Bank of Mississippi, Appellants,
v.
Charlie Bruce ALDRIDGE, Appellee.
No. 57670.
Supreme Court of Mississippi.
May 18, 1988.
*97 Thomas A. Wicker, Holland, Ray & Up-church, Jeremy J. Eskridge, Tupelo, for appellants.
Billy W. Shelton, Tupelo, for appellee.
Before DAN M. LEE, P.J., and ROBERTSON and ZUCCARO, JJ.
ZUCCARO, Justice, For The Court:
Appellant, Olive McMillan Aldridge, and appellee, Charlie Bruce Aldridge, obtained a final judgment of divorce on May 2, 1984 on the grounds of irreconcilable differences pursuant to Miss. Code Ann. § 93-5-2 (1972), which judgment contained the following provision:
Further, CHARLIE BRUCE ALDRIDGE is to be awarded the sum of Four Thousand ($4,000.00) Dollars upon the signing of the warranty deed to OLIVE McMILLAN ALDRIDGE for the house and lot herein described; and further, that he is to receive the sum of Sixteen Thousand ($16,000.00) Dollars when the house is sold or within sixty (60) days from the date of signing of said agreement.
On April 25, 1984, Charlie Bruce Aldridge, appellee, conveyed the property to Olive McMillan Aldridge, appellant, by Quitclaim Deed and contemporaneously she paid him the $4,000 as required by the decree.
Upon Olive Aldridge's failure to pay the $16,000, Charlie Aldridge filed a complaint on July 13, 1984 requesting a citation for contempt of court and a judgment against Olive Aldridge ordering her to pay the $16,000. There was a lis pendens notice filed with the complaint stating, "complaint (sic) claims and asserts that the plaintiff should be granted a lien against the defendant's interest in the above described property", the subject of this suit. This lis pendens notice was noted by the chancery clerk in a volume designated "Instruments Left For Recording"; however, the notice was not recorded in the Lis Pendens Record until after July 16, 1984, which time delay becomes important. There was testimony that on some occasions it might take several days in the Lee County Chancery Clerk's Office for an entry posted in the "Instruments Left For Recording" file to actually be recorded.
On July 16, 1984, at 3:00 p.m., Mrs. Aldridge conveyed the property involved by warranty deed to the Faucettes, appellants *98 herein, who paid for the property with proceeds from a loan from appellant The Bank of Mississippi. Immediately prior to making a loan to the Faucettes, The Bank of Mississippi had the title to the property checked, including a check of the lis pendens records. Finding no lis pendens notice and no other incumbrances, said Bank made the loan to Faucettes and took a note and deed of trust on the property from the Faucettes.
On November 12, 1984 the lower court entered its judgment against Mrs. Aldridge and recited, inter alia:
(3) That the pleadings have established that a valid Lis Pendens Notice is of record in the Chancery Clerk's Office of Lee County, Mississippi, and a lien is impressed upon the property previously belonging to the parties hereto to the extent of the interest of the plaintiff, Charlie Bruce Aldridge, as set out in the findings of this Court.
Following the entry of this judgment Mrs. Aldridge made a motion requesting relief from judgment pursuant to Miss.R. Civ.P. 60. The Faucettes and The Bank of Mississippi requested permission to intervene pursuant to Miss.R.Civ.P. 24 which permission was granted by order of the chancery court. That same order denied motions made by all of the appellants for relief from the judgment referred to above and a motion filed by the Faucettes and The Bank of Mississippi to expunge the lien.
The instant appeal ensued. Appellants Faucettes and The Bank of Mississippi assert the following assignments of error on appeal which assignments of error were adopted by Mrs. Aldridge:
I. THE ABSENCE OF THE FAUCETTES AS THE REAL PARTIES IN INTEREST TO THE PROCEEDINGS IN THE CHANCERY COURT BELOW CONSTITUTES A DENIAL OF DUE PROCESS.
II. THE APPELLEE, CHARLIE ALDRIDGE, WAS VESTED WITH NO LIEN OR RIGHT TO THE PROPERTY AT THE TIME THE LIS PENDENS NOTICE WAS FILED AND IN ABSENCE OF ANY INDEPENDENT BASIS THEREFOR THE CHANCELLOR ERRED IN IMPOSING A LIEN.
III. AT THE TIME OF THE SALE TO THE FAUCETTES, THE LIS PENDENS NOTICE WAS INEFFECTIVE.

I. WERE THE FAUCETTES DENIED THEIR FUNDAMENTAL RIGHTS TO DUE PROCESS?
The Faucettes and The Bank of Mississippi allege that the chancellor erred in impressing a lien upon the real property without them being parties to the litigation. The Faucettes were the owners of the property and The Bank of Mississippi held a deed of trust on the property; however, neither was made a party to the action. It is apparent that no proper adjudication of rights could be made in the absence of these parties. Both the Faucettes and The Bank of Mississippi obviously had an interest in the real property made subject to the lien in their absence. It is well settled that all persons needed for just adjudication should be joined as a party in the action. Miss.R.Civ.Pro. 19(a). We hold that no proper and complete adjudication of this dispute involving real property could be made in absence of the persons owning interests in the property affected. That included the Faucettes and The Bank of Mississippi.
The basis of procedural due process is simply that "parties whose rights are to be affected are entitled to be heard; and in order that they may enjoy that right they must be notified," Baldwin v. Hale, 68 U.S. (1 Wall) 223, 233, 17 L.Ed. 531, (1864). Furthermore, they must be notified in a manner and at a time that is meaningful Armstrong v. Manzo, 380 U.S. 545, 552, 85 S.Ct. 1187, 1191, 14 L.Ed.2d 62 (1965).
Obviously the Faucettes and The Bank of Mississippi have rights with regard to this property and these rights are affected by the attempted imposition of a lien on that property in their absence. We hold they were entitled to be notified and to be heard and must be on remand.

*99 II. DID THE CHANCELLOR ERR IN IMPOSING THE LIEN WHERE THERE WAS NO INDEPENDENT BASIS THEREFOR?
The Appellee sought to enforce or assert a lien on the property and petitioned the Chancery Court for a judgment and tendered to the chancery clerk a lis pendens notice. Both the Complaint and Notice clearly indicate, by the language employed, that appellee's position was that a lien "should" be impressed. In the absence of any findings of fact to the contrary it appears that the lower court found that such a lien "should" be impressed solely on the basis of the Lis Pendens Notice.
In Fernwood Lumber Co. v. Mississippi State Tax Commission, 167 Miss. 273, 149 So. 727 (1933) this Court, in holding that there was no valid lien created by the filing of the Lis Pendens Notice, stated that the Lis Pendens Statute is for those with a vested interest or lien. See Also, Yates v. Council, 137 Miss. 381, 102 So. 176 (1924). See Also Dunaway v. W.H. Hopper & Associates, Inc., 396 So.2d 43 (Miss. 1981); W.H. Hopper & Ass., Inc. v. Dunaway, 422 So.2d 749, 751 (Miss. 1982); Paxton v. First National Bank of Greenville, 155 So. 185 (Miss. 1934). Mississippi case law clearly illustrates that a lien is not obtained by the mere filing of a Lis Pendens Notice. The legal function of Lis Pendens is to give notice to the world of an alleged claim of a lien or interest in the property. The lis pendens notice itself does not constitute an independent basis for imposition of a lien. Therefore, it was necessary that the chancellor make specific findings of fact sufficient to constitute an independent basis for imposing a lien on property rather than simply relying on the presence of a lis pendens notice as grounds therefor. In the absence of any findings of fact setting forth an independent basis we hold the chancellor erred and we remand.

III. WAS THE LIS PENDENS NOTICE INEFFECTIVE AT THE TIME THESE APPELLANTS PURCHASED THE PROPERTY?
Miss. Code Ann. § 11-47-1 (1972) provides the following:
The clerk of the chancery court shall keep in his office, as a public record, a suitable book, to be called the "Lis Pendens Record."
Miss. Code Ann. § 11-47-3 (1972) provides:
When any person shall begin a suit in any court, whether by declaration or bill, or by cross-complaint, to enforce a lien upon, right to, or interest in, any real estate, unless the claim be founded upon an instrument which is recorded, or upon a judgment duly enrolled, in the county in which the real estate is situated, such person shall file with the clerk of the chancery court of each county where the real estate, or any part thereof, is situated, a notice containing the names of all the parties to the suit, a description of the real estate, and a brief statement of the nature of the lien, right, or interest sought to be enforced. The clerk shall immediately file and record the notice in the lis pendens record, and note on it, and in the record, the hour and day of filing and recording.
Miss. Code Ann. § 11-47-9 (1972) provides:
If a person beginning any such suit, by declaration, bill, or cross-complaint affecting real estate, or if an officer levying any process upon real estate, shall fail to have the required notice entered in the lis pendens record, such suit or levy shall not affect the rights of bona fide purchasers or incumbrancers of such real estate, unless they have actual notice of the suit or levy.
Miss. Code Ann. § 11-47-13 (1972) provides:
If any clerk fail to perform any of the duties herein required of him, he shall be liable on his official bond to any party injured for all damages he may have sustained. If any sheriff, marshal, or other officer, fail to file the notice provided for in this chapter, upon the levy by him of any process on real estate, he shall be liable on his bond for all damages resulting therefrom.
*100 See also, Fernwood Lumber Company v. Mississippi State Tax Commission, supra. Judge Virgil Griffith, in his treatise on Mississippi Chancery Practice admonishes every attorney to exercise care in following the statutory procedure set forth above. See, Griffith, Mississippi Chancery Practice, § 528. In the section that follows, Judge Griffith further states:
The Statute within its own limits absolutely controls, and it pronounces an inescapable penalty for failure to follow therein, namely that the pendency of the suit will not be constructive notice and no constructive obstacle to alienate Pendente Lite, unless the Lis Pendens Notice be actually recorded.
Griffith, Mississippi Chancery Practice, § 529. The chancery clerk wholly failed to comply with § 11-47-3 and that failure resulted in no valid nor legal notice to purchasers such as the Faucettes nor to encumbrancers such as The Bank of Mississippi of the pendency of the litigation.
In conformity with the above statutes it is clear that a lis pendens notice must be actually recorded in The Lis Pendens Records to constitute notice. McKenzie v. Fellows, 97 Miss. 31, 52 So. 628 (1910) The only notice accomplished in the case sub judice was to the individual who accepted the lis pendens notice but failed to record it in the Lis Pendens Book. In the absence of effective notice the Faucettes are bona fide purchasers unaffected by any lien to which the property may be subject. The Bank enjoys the same status as an encumbrancer. We reverse and remand for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.
PRATHER, J., not participating.