IRVING, J.,
 

 for the Court:
 

 ¶ 1. This appeal arises out of a suit and resulting judgment to quiet title filed in the Harrison County Chancery Court by Lloyd A. Smith. After the entry of judgment quieting title, American Public Finance, Inc. (APF) filed a motion requesting that it be allowed to intervene in the suit and that the judgment be set aside. The chancery court denied the motion. Feeling aggrieved, APF appeals and asserts that the chancery court: (1) should have joined APF as a necessary party to the suit to quiet title, (2) abused its discretion when it refused to set aside the judgment quieting title, (3) erroneously applied the bona-fide-purchaser-for-value standard in denying APF’s motion, (4) gave undue weight to the fact that one of APF’s principals is an attorney, and (5) did not adequately consider Smith’s failure to file a lis pendens and incorrectly interpreted Mississippi Code Annotated section 11-17-29 (Rev.2004).
 

 ¶ 2. Finding no error, we affirm the judgment of the chancery court.
 

 FACTS
 

 ¶ 3. This case concerns a 22.6-acre piece of property in Harrison County, Mississippi. In December 1998, the property in question was deeded from D. Joslin to Deep Woods. In August 2002, the chancery court clerk held a tax sale of the property due to unpaid taxes for 2001. The property was sold to APF, LLC, doing business as Wolf Run. The taxes were still not paid in 2002, and in August 2003, the chancery court clerk sold the property at a tax sale to Suresh Shah. Two years after the respective sales, the court clerk conveyed the land to Wolf Run and Shah. In January 2006, Shah conveyed the property to Smith. On May 24, 2007, Smith filed a complaint to confirm and quiet title. Notice of the hearing was published in local newspapers. On August 13, 2007, Deep Woods conveyed the property to APF by means of a quitclaim deed. Neither Deep Woods nor Wolf Run responded to Smith’s complaint; all other parties with any interest in the property waived their claims to it. Accordingly, a default was entered against Deep Woods and Wolf Run in December 2007, and a final judgment quieting and confirming title in Smith was entered on January 8, 2008.
 

 ¶ 4. On April 17, 2008, APF filed a motion seeking to set aside the January judgment, void the tax sale and tax deeds, add APF as a third-party plaintiff, and remove cloud and confirm title in APF. The chancery court found no merit to APF’s motion. Specifically, the chancery court found that Smith had complied with the requirement of Mississippi Code Annotated section 11-17-1 (Rev.2004), which requires that a complaint acknowledge every party with an interest in the subject property. At the time that Smith filed his complaint, APF had no interest in the land in question; therefore, the chancery court found that Smith had complied with the Code when
 
 *310
 
 he filed his complaint, which did not include APF.
 

 ¶ 5. The chancellor noted that APF’s August 2007 deed to the property stated on its face “that no title search was performed prior to the execution of the [deed].” However, APF presented testimony that it had performed a title search on September 4, 2007. APF’s witnesses testified that this title search did not reveal the pending litigation regarding the property. The chancellor noted that the title search should have revealed the two tax deeds conveying the property to Shah and Deep Woods. As the chancellor noted, it is not clear whether Deep Woods ever informed anyone at APF of the pending litigation.
 

 ¶ 6. In his order, the chancellor found that APF’s motion essentially asked the chancery court “to ignore the actions of its attorney-owner in failing to discover the lawsuit at bar and/or failing to adequately research the title of the property.” The chancellor found that it was not reasonable to expect Smith to “constantly update and/or check the land records subsequent to filing the lawsuit to ensure that all interested parties are included.” The chancellor noted that APF had not supplied any authority for its argument that Smith was required to do more than he did. The chancellor also found that APF’s failure to research the title of the property prevented it from claiming shelter as a bona-fide purchaser for value. Ultimately, the chancellor ruled that APF was not entitled to be added as a third-party plaintiff. Without status as a party to the case, the chancellor found that APF had no standing to file a motion to set aside the judgment under Rule 60 of the Mississippi Rules of Civil Procedure.
 

 ¶ 7. APF disagrees with the findings of the chancellor. APF asserts that the chancery court should have added APF as a party and that the judgment quieting and confirming title should have been set aside. Additional facts, as necessary, will be related during our analysis and discussion of the issues.
 

 ANALYSIS AND DISCUSSION OF THE ISSUES
 

 ¶ 8. Our supreme court has established the standard of review that we employ when reviewing chancery court cases:
 

 As for questions of fact, “[an appellate court] will not disturb the findings of a chancellor when supported by substantial evidence unless the chancellor abused his discretion, applied an erroneous legal standard, was manifestly wrong, or was clearly erroneous.”
 
 Stanley v. Miss. State Pilots of Gulfport, Inc.,
 
 951 So.2d 535, 538 [ (¶ 9) ] (Miss.2006) (quoting
 
 Williams v. Williams,
 
 843 So.2d 720, 722 [ (¶ 10) ] (Miss.2003)). Questions of law are reviewed de novo.
 
 Biglane v. Under The Hill Corp.,
 
 949 So.2d 9, 14 [ (¶ 17) ] (Miss.2007) (citing
 
 Cummings v. Benderman,
 
 681 So.2d 97, 100 (Miss.1996)).
 

 Harris v. Tom Griffith Water Well & Conductor Serv., Inc.,
 
 26 So.3d 338, 340 (¶ 7) (Miss.2010).
 

 1. Party Status
 

 ¶ 9. In support of its argument that it should have been allowed to join the action as a party, APF cites Rule 19 of the Mississippi Rules of Civil Procedure. Rule 19 governs the joinder “of persons needed for just adjudication,” and states in pertinent part:
 

 (a) Persons to Be Joined if Feasible. A person who is subject to the jurisdiction of the court shall be joined as a party in the action if:
 

 (1) in his absence complete relief cannot be accorded among those already parties, or
 

 
 *311
 
 (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.
 

 If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant or, in a proper case, an involuntary plaintiff.
 

 In discussing the joinder of parties under Rule 19, our supreme court has stated that the “failure to join interested parties in a real[-]estate dispute under M.R.C.P. 19(a) justifies reversal and remand as a violation of fundamental due process.”
 
 Bd. of Educ. of Calhoun County v. Warner,
 
 853 So.2d 1159, 1170 (¶ 38) (Miss.2003) (citing
 
 Aldridge v. Aldridge,
 
 527 So.2d 96, 98 (Miss.1988)). However, “joinder of parties is only necessary if complete relief cannot be accorded among those who are already parties to the suit.”
 
 Craft v. Craft,
 
 825 So.2d 605, 610 (¶ 20) (Miss.2002).
 

 ¶ 10. Despite Rule 19, APF is not entitled to any relief. Rule 25(c) of the Mississippi Rules of Civil Procedure discusses the effect of a transfer in interest on the substitution of parties and states: “In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party.” In this case, Deep Woods was a part of the action to quiet title from the beginning. Subsequent to the filing of the case, Deep Woods transferred its interest in the case to APF; however, Deep Woods was not released from the suit to quiet title. Furthermore, as the chancery court found, APF failed to conduct an adequate title search, which would have revealed the suit to confirm title.
 

 ¶ 11. APF cites
 
 Aldridge
 
 and claims that it is analogous to this case. In
 
 Al-dridge,
 
 a former wife owed her husband $16,000 upon the sale of the marital home.
 
 Aldridge,
 
 527 So.2d at 97. When the wife did not produce the $16,000, the husband filed an action to enforce a lien on the home and a notice of lis pendens, which was not immediately filed by the chancery clerk.
 
 Id.
 
 Before the lis pendens was filed, a third party purchased the property from the wife.
 
 Id.
 
 at 97-98. A judgment was subsequently entered against the wife.
 
 Id.
 
 at 98. The Mississippi Supreme Court ruled that the purchasers, who sought to intervene after the entry of judgment, should have been made a party to the action to enforce the lien.
 
 Id.
 

 ¶ 12. The key difference between this case and
 
 Aldridge
 
 is that the
 
 Aldridge
 
 purchasers were bona-fide purchasers for value, with all the rights that attach to that status. By contrast, APF is not a bona-fide purchaser, because an adequate title search would have revealed both tax sales of the property and would have put APF on notice as to the potential clouds on the title. As our supreme court has discussed:
 

 Our law seeks to protect bona[-]fide purchasers for value without notice and defines a bona[-]fide purchaser as “one who has in good faith paid a valuable consideration
 
 without notice of the adverse rights of another.” Giesbrecht v. Smith,
 
 397 So.2d 73, 77 (Miss.1981) (quoting 8 Thompson on Real Property § 4312 (1963)). In
 
 Bedford v. Kravis,
 
 622 So.2d 291 (Miss.1993), we reaffirmed our rule on notice set out in
 
 Dead River
 
 
 *312
 

 Fishing & Hunting Club v. Stovall,
 
 147 Miss. 385, 113 So. 336 (1927) and
 
 Florida Gas Exploration Co. v. Searcy,
 
 385 So.2d 1293 (Miss.1980):
 

 “A purchaser of land is charged with notice not only of every statement of fact made in the various conveyances constituting his chain of title, but
 
 he is also bound to take notice of and to fully explore and investigate all facts to which his attention may be directed by recitals in said conveyance contained.
 
 The duty is also imposed on him to examine all deeds and conveyances previously executed and placed of record by his grantor — either immediately or remote — if such deeds or conveyances in any way affect his title.
 
 And if in any such deed or conveyance there is contained, any recital sufficient to put a reasonably prudent man on inquiry as to the sufficiency of the title, then he is charged with notice of all those facts which could and would be disclosed by a diligent and careful investigation.”
 

 Simmons v. Miss. Transp. Comm’n,
 
 717 So.2d 300, 303 (¶ 13) (Miss.1998) (emphasis added). Had APF conducted a title search, the tax sales would have been revealed, and APF would have had notice of the other claims to the property. Since APF failed to conduct an adequate title search, it is not entitled to status as a bona-fide purchaser for value. Consequently, APF is not in the same position as the third-party purchasers in
 
 Aldridge.
 
 Under the circumstances of this case, the chancery court did not err in refusing to set aside the judgment that had already been rendered in favor of Smith.
 

 ¾.
 
 Setting Aside of Judgment
 

 ¶ 13. APF contends that the chancery court should have set aside its judgment upon APF’s motion. As we have already found, the chancery court was not required to add APF as a party and set aside the previously rendered judgment. This contention of error is without merit.
 

 3. Application of Bona-Fide-Purchaser-for-Value Status
 

 ¶ 14. APF contends that the chancery court erred in relying on APF’s non-status as a bona-fide purchaser for value, because “APF’s [mjotion ... did not seek to avoid the tax sale deed ... on the doctrine of bona[-]fide purchaser for value.” Regardless of whether APF relied on bona-fide-purchaser-for-value status, APF’s status as a non-bona-fide purchaser prohibits it from gaining relief, as previously discussed. This contention of error is also without merit.
 

 A
 
 Principal as Attorney
 

 ¶ 15. APF argues that the chancery court erroneously placed undue weight on the fact that one of APF’s principals is an attorney. Although the chancery court mentioned that one of the principals is an attorney, nothing in the court’s judgment indicates that it unduly considered that fact in rendering judgment against APF.
 

 ¶ 16. This contention of error is without merit.
 

 5. Lis Pendens
 

 ¶ 17. Finally, APF contends that the chancery court erred in not finding Smith at fault for not filing a lis pendens in this case. APF also contends that the chancery court erred in not following the requirements of Mississippi Code Annotated section 11-17-29.
 

 ¶ 18. As to the lis pendens, that issue is moot. As already discussed, APF would have discovered the prior tax sales had it conducted a title search of the property. Although a lis pendens would have put APF on notice of Smith’s action to quiet
 
 *313
 
 title, the lis pendens would not have affected APF’s lack of status as a bona-fide purchaser for value. Therefore, the non-filing of the lis pendens is of no help to APF.
 

 ¶ 19. As to section 11-17-29, APF contends that the statute requires Smith to continually “update and check the land records after filing the lawsuit.” Section 11-17-29 simply states that an action to confirm and quiet title is conclusive evidence of title “as determined from the date of the decree as against all parties defendant.” Nothing in the statute places a burden on the
 
 plaintiff
 
 to continually research other claims to the property until the date of the final decree. Furthermore, APF has cited no case that has applied section 11-17-29 in such a manner. We decline to go beyond the simple language of the statute; therefore, we find no error in the chancery court’s finding that Smith was not required to continually research and check the land records after the filing of his suit to quiet and confirm title.
 

 ¶ 20. This contention of error is without merit.
 

 ¶ 21. THE JUDGMENT OF THE CHANCERY COURT OF HARRISON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., LEE AND MYERS, P.JJ., GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.