ISHEE, J.,
concurring in part and dissenting in part:
¶ 27. I agree with the majority’s determination that the case should be remanded *1276 to include Belissa as a necessary party to the action. The majority and Julia properly cite Mississippi Rule of Civil Procedure 19(a) for the proposition that Belissa is a necessary party to the action. Rule 19(a) states:
(a) Persons to Be Joined [i]f Feasible. A person who is subject to the jurisdiction of the court shall be joined as a party in the action if:
. (1) in his absence complete relief cannot be accorded among those already parties, or
(2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.
If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant or, in a proper ease, an involuntary plaintiff.
However, Bennie and Mary Margaret assert that in the present case, Rule 25(c) must be read in conjunction with Rule 19(a). Rule 25(c) states:
Transfer of Interest. In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party.
¶ 28. Here, Mary Margaret notified the chancery court that the legal description of the parcel was incorrect and requested relief because Julia’s home was actually located on Mary Margaret’s partitioned tract of land. On November 3, 2010, Julia transferred her interest in the 2.02-acre parcel of land to Belissa. It was not until January 13, 2011, that the chancery court conducted a hearing and ruled on the division of the land. Therefore, at the time of the chancery court’s ruling, Belissa was the legal owner of land involved in the partition.
¶ 29. This Court has previously stated that “joinder of parties is only necessary if complete relief cannot be accorded among those who are already parties to the suit.” Am. Pub. Fin., Inc. v. Smith, 45 So.3d 307, 311 (¶ 9) (Miss.Ct.App.2010) (citing Craft v. Craft, 825 So.2d 605, 610 (¶20) (Miss.2002)). However, in this case I agree with the majority and cannot find it proper to adjudicate the matter without the inclusion of Belissa.
¶ 30. Nonetheless, I disagree with the majority’s finding that this is no longer a partition action. This case is an appeal of the chancery court’s order partitioning the land. The parties submitted the issue of partition to the chancery court, and the chancery court executed the parties’ request to partition the land. The final order required the partitioned land be shifted so as to accommodate the house in question on Belissa’s 2.02-acre parcel of land. Therefore, I would find the chancery court’s final order to be part of the partition action, and the parties’ appeal to be an extension of the partition action, not a new real-estate action brought by Julia.
¶ 31. As such, I would reverse and remand this case to include Belissa as a necessary party to the partition action, as well as any other persons determined to be necessary parties. Furthermore, I would render the determination that the 2.02-acre parcel of land was Julia’s land outright, and, therefore, passed to her daughter, Belissa, as her 2.02-acre parcel of land outright. Finally, I would remand all other issues relevant to this action, including, *1277 but not limited to, final partition of the land and any matters of adverse possession.
IRVING, P.J., JOINS THIS OPINION.