GREENLEE, J.,
SPECIALLY CONCURRING:
¶ 28. The majority opinion correctly finds that the chancellor properly sustained the motion for summary judgment filed by the appellees against Dorman’s claim of fraud committed by Power in procuring a warranty deed from Dorman and Dorman’s claim of adverse possession of the subject real property.
¶ 29. Though possibly not fully brought before the chancery court, a review of the chain of title would reveal another reason that Dorman’s appeal concerning underlying fraud is without merit and that the outcome. of the chancellor’s judgment is appropriate.
¶ 30. In real-property law, Mississippi is a race-notice state. Miss. Code Ann. § 89-5-1 (Rev. 2011). Moreover, Mississippi recognizes that a bona fide purchaser for value of real property without notice of adverse claims of others gains title to the real property despite the claims of others of which the purchaser had no notice. Robertson v. Dombroski, 678 So.2d 637, 640 (Miss. 1996); Price v. Martin, 46 Miss. 489, 499 (1872); Am. Pub. Fin. Inc. v. Smith, 45 So.3d 307, 311-12 (¶ 12) (Miss. Ct. App. 2010).
¶ 31. Therefore, the grantees from Power, Baker, and Humphries, and then their subsequent grantees, the Weathersbys, are afforded those protections. In the proceedings below, there appears to be no hint that these subsequent grantees were on *41 notice of any irregularities affecting their title.
¶ 32. I concur in affirming the chancellor’s judgment.
LEE, C.J., BARNES AND FAIR, JJ„ JOIN THIS OPINION.